| STATE OF SOUTH CAROLI⌐ | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF GEORGETOWN | ) | |
| | ) | |
| Donald G. Corey, and Sharon J. Corey, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2010 - CP - 22 - 00189 |
| vs. | ) | |
| | ) | |
| Builders Mutual Insurance Company | ) | |
| Defendant(s) | ) | |

| (Please Print) | | SC Bar #: | 5449 |
|---|---|---|---|
| Submitted By: Harry A. Swagart, III | | Telephone #: | (803) 779-0770 |
| Address: Harry A. Swagart, III, P.C. | | Fax #: | (803) 779-0771 |
| 1722 Main Street, Suite 220 | | Other: | |
| Columbia, SC 29201 | | E-mail: | has@complexlaw.net |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (600) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | | | |

**Submitting Party Signature:** _[signature]_     **Date:** 1/28/2010

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (8/06)                                                Page 1 of 2

FO  MANDATED ADR COUNTIES ON
Florence, Horry, Lexington, Richland, Greenville and Anderson

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA   )     IN THE COURT OF COMMON PLEAS
                         )     2010-CP 22-00189

COUNTY OF GEORGETOWN    )

Donald G. Corey, and Sharon J.   )
Corey,                            )

          *Plaintiffs,*       )

        v.                )          SUMMONS
                         )   (Jury Trial Demanded)

Builders Mutual Insurance    )
Company,                     )

         *Defendant.*       )
_____)

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action,

a copy of which is herewith served upon you, and to serve a copy of your Answer to the said

Complaint on the subscribers at 1722 Main Street, Suite 220, Columbia, South Carolina, 29201

within thirty (30) days after the service hereof, exclusive of the date of such service; and if you

fail to answer the Complaint within the time aforesaid, judgment by default will be rendered

against you for the relief demanded in the Complaint.

Harry A. Swagart, III
HARRY A. SWAGART, III, P.C.
Post Office 7787
Columbia, South Carolina 29202-7787
Tel: (803) 779-0770
Fax: (803) 779-0771
Email: has@complexlaw.net

ATTORNEY FOR PLAINTIFFS

Columbia, South Carolina
January 28, 2010

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                           )    2010 - CP 22 - 00189
COUNTY OF GEORGETOWN       )

Donald G. Corey, and Sharon J.    )
Corey,                            )
                                  )
              *Plaintiffs,*        )
                                  )
          v.                      )         COMPLAINT
                                  )      (Jury Trial Demanded)
Builders Mutual Insurance         )
Company,                          )
                                  )
              *Defendant.*         )
_____ )

Plaintiffs, complaining of the Defendants, respectfully allege as follows:

## FIRST CAUSE OF ACTION
(Bad Faith Refusal to Pay Benefits under an Insurance Policy)

1.    Plaintiffs are citizens and residents of Georgetown County, South Carolina.

2.    Defendant Builders Mutual Insurance Company, on information and belief, is a corporation organized and existing under the laws of the State of North Carolina and having its principal place of business in Raleigh, North Carolina.

3.    England Construction Co., Inc. ("England"), is a corporation organized and existing under the laws of the State of South Carolina and having its principal place of business in Georgetown County, South Carolina. England is in the business of constructing new custom residential dwellings.

4.    Sometime before August 30, 2007, England purchased from Defendant a commercial general liability policy, Policy No. CPP 0027322 01 ("the Policy").

5.    On or before August, 2007, Plaintiffs and England entered into a contract for the construction of a residence located at Lot 18, Island Estates, Kanowet Loop, Pawleys Island, South Carolina.

6.    In connection with said construction project, Plaintiffs selected, separately paid for, and separately had the manufacturer install the windows used in the residence constructed for them by England.

7.    Following the completion of construction, England attempted to clean the windows. However, in so doing, England used an incorrect cleaning fluid contrary to the manufacturer's instructions, causing severe damage to all of the windows and requiring their replacement. The total cost of replacing, painting, and cleaning the ruined windows, and taking down window treatments is $18,660.00. Said loss occurred in Georgetown County, South Carolina.

8.    Plaintiffs made claim against England for the total cost of repair and replacement, and England thereafter reported the claim to Defendant. On January 15, 2009, Defendant refused coverage.

9.    Thereafter, England, through counsel, engaged in written discourse with Defendant in order to persuade Defendant that its denial of coverage was a violation of the Policy. England demonstrated in that correspondence that Defendant was wrong in excluding the damage to the windows from coverage: (a) because the cleaning of the windows fell within the definition of "products completed operations hazard" under the policy and (b) because damage to the windows did not constitute damage to England's work or to England's product, in that the windows were separately paid for and installed by Plaintiffs and not by England, the insured. These points were raised in a letter to Defendants dated August 26, 2009.

2

10.   No response to the above mentioned August 26 letter was received from Defendant. As a result, England faxed a letter to Defendant on November 3, 2009, requesting a response to the August 26 letter by November 12, 2009. Defendant has not yet responded to either the August 26 letter nor to the November 3 letter. True and correct copies of those letters are attached hereto as Exhibits A and B respectively.

11.   After discovery of the damage to the windows, Plaintiffs demanded that England repair and replace the windows at its own expense. England responded that due to the economy, it did not have sufficient funds with which to perform the needed work.

12.   On or about December 31, 2009, after Defendant's refusal to communicate regarding coverage had made it clear that there would be no coverage, England and Plaintiffs entered into an agreement whereby England validly assigned to Plaintiffs all of its claims and choses in action against Defendant arising out of the denial of coverage.

13.   Defendant's continuing denial of coverage and its subsequent refusal to communicate with England regarding the grounds for denial of coverage were unreasonable and in bad faith. Moreover, said actions constituted malicious and intentional disregard for England's rights.

14.   Defendant failed to pay England's claim within 90 days after England made demand for coverage.

15.   Based upon the foregoing, Plaintiffs are informed and believe, as England's valid assignees, that they are entitled, as a result of Defendant's bad faith refusal to pay benefits under the Policy, to judgment against Defendant for:

          a.   actual damages of at least $18,660.00;

3

b.    substantial punitive damages in an amount to be determined by the jury;

c.    pre-judgment interest at the maximum legal rate; and

d.    reasonable attorney's fees pursuant to S.C. Code Ann. §38-59-40.

## SECOND CAUSE OF ACTION
(Breach of Contract)

16.    Paragraphs 1 through 15 above are incorporated and realleged in this Second Cause of Action as fully as if restated verbatim herein.

17.    By refusing to provide coverage under the Policy, Defendant breached the terms of the Policy.

18.    As a proximate and consequent result of Defendant's aforesaid breach, England, and thus Plaintiffs, have suffered actual damages of at least $18,660.00.

19.    Based upon the foregoing, Plaintiffs are informed and believe that they are entitled to the entry of judgment against the Defendant for actual damages of at least $18,660.00, or in such greater amount as the jury may award, and for pre-judgment interest at the maximum legal rate.

## Relief Requested

WHEREFORE, having fully asserted their claims against Defendant, Plaintiffs pray for the entry of judgment against Defendant for

A.    actual, consequential, and incidental, damages of at least $18,660.00 or in such greater amount as the jury may award;

B.    substantial punitive damages in an amount to be determined by the jury;

C.    pre-judgment interest at the maximum legal rate;

4

D.     costs of suit and reasonable attorney's fees; and

E.     and such other and further relief as the Court may deem just and proper.

***DEMAND FOR JURY TRIAL IS HEREBY MADE.***

Respectfully submitted,

Harry A. Swagart, III
HARRY A. SWAGART, III, P.C.
Post Office Box 7787
Columbia, South Carolina 29202
Tel. (803) 779-0770
Fax. (803) 779-0771
Email: has@complexlaw.net

ATTORNEY FOR PLAINTIFFS
DONALD G. COREY AND
SHARON J. COREY

Columbia, South Carolina
January 28, 2010

5